# Exhibit C

**Complaint**

Electronically Filed
6/30/2025 2:56 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130
702-258-1183 ph /702-258-6983 fax
jp@kemp-attorneys.com

Attorney for Plaintiff
*Tracy Boyd, Jr.*

CASE NO: A-25-922212-C
Department 17

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| TRACY BOYD, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF NORTH LAS VEGAS, a Municipal Corporation and political subdivision of the State of Nevada; JACQUELINE GRAVATT, Chief of Police of City of North Las Vegas Police Department, in her official capacity,<br><br>Defendants. | Case No.:<br><br>Dept. No.:<br><br>**COMPLAINT FOR DECLARATORY, EQUITABLE, AND MONETARY RELIEF**<br><br>**JURY TRIAL DEMANDED**<br><br>Arbitration Exemption: Extraordinary and Equitable Relief Sought |

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

**COMPLAINT FOR DECLARATORY, EQUITABLE, AND MONETARY RELIEF**

Plaintiff Tracy Boyd, Jr., by and through his counsel, KEMP & KEMP, hereby files this civil action for declaratory, equitable, and monetary relief against Defendants City of North Las Vegas and Jacqueline Gravatt, in her official capacity as Chief of Police of the City of North Las Vegas Police Department, for discrimination based on sex and sexual orientation in violation of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e, *et seq.*, and Nevada Revised Statutes § 613.310, *et seq.*

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

## JURISDICTION AND VENUE

1. This Court subject matter jurisdiction in that the events complained of hereing occurred in Clark County, Nevada, and the amount in controversy is greater than $15,000 or the maximum jurisdictional amount of Justice Court..

2. This Court maintains personal jurisdiction over City of North Las Vegas as a Municipal Corporation incorporated in Clark County, Nevada under the laws of the State of Nevada including, but not limited to, Article 8 of the Nevada Constitution. This Court also has personal jurisdiction over Jacqueline Gravatt, who is the current Chief of Police for the City of North Las Vegas Police Department and, upon information and belief, resides within Clark County, Nevada, and at all times relevant to the events complained of herein, acted in her official capacity in violation of Plaintiff's constitutional and statutory rights and did so under color of law.

3. Venue is proper pursuant to NRS § 13.040 because Defendants, at all times material to this Complaint, resided and maintained operations within Clark County, Nevada.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On February 27, 2024, Plaintiff dual-filed a Charge of Discrimination with the Nevada Equal Rights Commission ("NERC") (No. 0227-24-2861), and the Equal Employment Opportunity Commission ("EEOC") (No. 34B-2024-00939).

5. Because Plaintiff "dual filed" his Charge with both the NERC and EEOC, both agencies received the Charge simultaneously. This is based upon the Worksharing Agreement between NERC and EEOC which had been and continues to be repeatedly extended. The Worksharing Agreement is a model agreement used by the EEOC and many state agencies for many years with no substantive changes. The effect of the Worksharing Agreement is also consistent with NRS § 233.160(1): "A complaint is timely if it is filed with an appropriate federal agency within

that period." *See also Fort Bend Cty., Tex. v. Davis,* 139 S. Ct. 1843, 1846 (2019) ("If the state or local agency has a 'worksharing' agreement with the EEOC, a complainant ordinarily need not file separately with federal and state agencies. She may file her charge with one agency, and that agency will then relay the charge to the other.").

6. On March 31, 2025, Plaintiff received a Notice of Right to Sue from the NERC.

7. On April 14, 2025, Plaintiff requested a "substantial weight" review of the NERC's No Cause Finding by the EEOC, and the EEOC issued a decision, dated April 24, 2025, but received by Plaintiff on May 1, 2025, finding the NERC's finding to be supported.

8. Because this action is being filed within 90 days of Plaintiff's March 31, 2025, Right to Sue from the NERC, this action is timely.

9. The claims are in excess of $15,000.

**PARTIES**

10. Tracy Boyd, Jr. ("Boyd") is an adult, homosexual male and resident of Las Vegas, Nevada, who serves in the role of Dispatcher for the City of North Las Vegas Police Department.

11. At all times material to this Complaint, Boyd was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f) and a "person" within the meaning of NRS § 613.330.

12. Defendant City of North Las Vegas Police Department (hereinafter "NLV Police Department") is a metropolitan police department operating within the boundaries of the City of North Las Vegas, a Municipal Corporation incorporated in Clark County, Nevada under the laws of the State of Nevada including, but not limited to, Article 8 of the Nevada Constitution. *See* NRS § 386.010(2)-(3).

13. Defendant Jacqueline Gravatt currently serves as Chief of Police for the NLV Police Department.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

14. Defendants NVL Police Department and Jacqueline Gravatt, in her official capacity, operate by and through employees whether those persons are designated as trustees, officers, administrators, directors, supervisors, staff, or otherwise. Therefore, wherever the generic identifying word "Defendant," "Defendants," or "NLV Police Department" is used herein, it refers to both Defendants.

15. NLV Police Department has more than 500 employees.

16. At all times material to this Complaint, NLV Police Department was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), (g)-(h), and NRS § 613.310(2), (6).

## FACTS

17. In or around February 2021, Boyd commenced employment as a Dispatcher with the NLV Police Department.

18. The hiring process for the Dispatcher position required successful completion of a background investigation, which Boyd completed without issue.

### October 2023

19. In or around October 2023, Boyd applied for a Police Officer position with the NLV Police Department, which Boyd viewed as a career advancement opportunity.

20. A Sergeant with the NLV Police Department ("Sergeant Doe") who knew Boyd also encouraged him to apply for the Police Officer position.

21. In the years preceding his application for the Police Officer position, Boyd had consistently received positive performance reviews.

### November 2023

22. From around November 2023 through January 2024, Boyd completed a series of tests and evaluations required as part of the hiring process for the Police Officer position.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

23. At all times during the hiring process for the Police Officer position, Brian Krieger ("Krieger"), who held a position in Background Investigations with the NLV Police Department, served as Boyd's primary point of contact.

24. The hiring process for the Police Officer position involved a background investigation similar to the one Boyd completed for the Dispatcher years prior.

25. Knowing the similarities in the background investigation process, on November 15, 2023, Boyd emailed Krieger to ask if the information from his previous POBITS (Peace Officer Background Investigation Tracking System) account could be used for this hiring process, and Krieger responded that it could not.

26. On November 20, 2023, Krieger emailed Boyd to confirm receipt of Boyd's POBITS submission and informed Boyd that he would be reaching out to schedule Boyd's initial interview.

27. The next day, on November 21, 2023, Krieger contacted Boyd to schedule him for his initial background interview and, after obtaining Boyd's availability, confirmed Boyd's initial interview for December 4, 2023.

28. That same day, Boyd inquired about whether he needed to bring any specific documents to the interview, and Krieger responded that he could obtain some of the necessary documents from Boyd's "previous background check" but identified a few documents, such as Boyd's driver's license and vehicle registration, that Boyd needed to bring to the interview.

<u>**December 2023**</u>

29. The hiring process for the Police Officer position also required that Boyd complete a physical agility test, a Computerized Voice Stress Analyzer (CVSA) test, a psychiatric evaluation, a medical evaluation, and a "ride-along" with a Police Officer, among other things.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

30. On December 4, 2023, Krieger and Boyd exchanged emails regarding the necessary paperwork for Boyd's CVSA interview, which Boyd completed and returned that same day, and discussed Boyd's availability for the CVSA interview.

31. On December 6, 2023, Krieger emailed Boyd to confirm his CVSA interview for December 18, 2023.

32. At some point in December 2023, Boyd became aware of rumors circulating within the NLV Police Department concerning Boyd's sexual orientation and perceived gender identity.

33. On or around December 7, 2023, one of Boyd's colleagues ("Coworker A") privately informed Boyd that they learned from another Police Officer of a rumor circulating about Boyd "becoming a transgender".

34. Shortly after this conversation, Boyd contacted a different colleague ("Coworker B") who worked for NLV Police Department and who interacted with "higher-ups" in the NLV Police Department, including but not limited to Police Captains and Background Investigators.

35. Coworker B confirmed hearing the same rumor about Boyd and shared that another NLV Police Department employee told Coworker B that the rumor specifically concerned Boyd's sexual orientation and the fact Boyd's first name, "Tracy", is a female's name.

36. On December 13, 2023, Krieger informed Boyd that the NLV Police Department had "added another step in the hiring process for the entry level police officer positions," entitled, "Get to Know You Board."

37. Kriger described "Get to Know You Board" as an "informal meeting with other officers from the department."

38. On the same day, December 13, Krieger emailed Boyd to confirm his "Get to Know You Board" would take place on January 3, 2024.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

39. Around December 30, 2023, Boyd spoke with a third coworker ("Coworker C") regarding the rumors circulating about him, and Coworker C verified that he knew of the rumors about Boyd.

40. At some point in December 2023, Boyd also inquired about the rumor with Sergeant Doe, who confirmed hearing the rumor.

41. Sergeant Doe also shared that the rumor originated with a NLV Police Department Lieutenant ("The Lieutenant") who supposedly began the rumor after observing Boyd entering the workplace with a Louis Vuitton tote bag – a tote bag Boyd had used consistently for the prior three years.

42. To Boyd's understanding, The Lieutenant also previously referred to Boyd as "Ma'am" over the radio and made assumptions about Boyd's sexual orientation and gender identity when Boyd did not correct him.

<u>January 2024</u>

43. On January 3, 2024, Boyd attended his "Get to Know You Board" meeting.

44. At the end of the evening, Krieger walked out of the venue with Boyd, and Krieger shared that everything looked good with Boyd's background.

45. Krieger also told Boyd that he planned to present Boyd's candidate profile to the "Captains", who retain final approval authority, within the next few days.

46. Up to this point, the NLV Police Department had not communicated any concerns to Boyd regarding his candidacy that could result in the termination or withdrawal of his application.

47. To Boyd's understanding, if a candidate is unsuccessful in meeting a requirement at any stage of the hiring process, the candidate's application is withdrawn from consideration at that point, and the candidate does not continue through remaining steps of the hiring process.

48. On January 13, 2024, Boyd received a letter signed by Jacqueline Gravatt informing Boyd he had not been selected to move forward in the hiring process for the Police Officer position.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

49. According to the letter, the decision was supposedly the result of uncovering information during Boyd's background investigation.

50. The letter provided no details about the nature or extent of this information.

51. The letter also informed Boyd of his inability to reapply for a Police Officer position until 2027.

52. If a candidate is unsuccessful in meeting a requirement at any stage of the hiring process, the candidate's application is withdrawn from consideration and the candidate does not complete the remaining steps of the hiring process.

53. Boyd subsequently spoke with Sergeant Doe about the letter.

54. Around February 8, 2024, Sergeant Doe informed Boyd that they had conversed with another Sergeant ("Sgt. John") about his application.

55. Sgt. John shared the following about Boyd's candidacy:

   a. Sgt. John stated words to the effect, "even though the Department is progressive, we are not that progressive."

   b. Sgt. John shared that Boyd had been disqualified because he was "too flamboyant".

   c. Sgt. John shared that individuals involved with the hiring process wanted to disqualify Boyd sooner but could not find a reason to justify doing so given Boyd's superior background.

56. To date, the NLV Police Department has not shared with Boyd the specific information that was allegedly uncovered during his background investigation.

**COUNT I – INTENTIONAL DISCRIMINATION (NON-SELECTION) BASED ON SEXUAL ORIENTATION IN VIOLATION OF § 2000e-2(a) OF TITLE VII AND NRS § 613.330, *et seq.***

57. Boyd re-alleges and incorporates the allegations set forth in the preceding paragraphs as though each and every allegation is fully set forth herein.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

58. Courts have interpreted NRS § 613.330 as consistent with the standards and framework of Title VII. *See Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005).

59. At all times material to this Complaint, Boyd was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f) and NRS § 613.330.

60. At all times material to this Complaint, the NLV Police Department was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), (g)-(h), and NRS § 613.310(2), (6).

61. At all times material to this Complaint, Boyd was part of a protected class within the meaning of § 2000e(a) and NRS § 613.330, as he is a gay male. *See generally Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020).

62. On January 13, 2024, Boyd learned that NLV Police Department had not selected him for the vacant Police Department position.

63. The NLV Police Department's decision to not select Boyd for the vacant Police Officer position constituted an adverse employment action within the meaning of Title VII and NRS.

64. The NLV Police Department's proffered reason for not selecting Boyd – information uncovered during Boyd's background investigation – is not sufficiently clear or specific to meet its burden to present a legitimate nondiscriminatory reason for the non-selection.

65. The NLV Police Department has not provided any other reason for not selecting Boyd.

66. Furthermore, the circumstances surrounding the NLV Police Department's proffered reason for not selecting Boyd are suspect and questionable.

67. Despite working with the NLV Police Department since around February 2021, rumors suggesting that Boyd was "becoming a transgender" only began circulating around December 2023 – after Boyd had applied for the Police Officer position and progressed through the employment process.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

68. Furthermore, according to Sgt. Doe, The Lieutenant started the rumors about Boyd based partly on observing Boyd's use of a Louis Vuitton tote bag, even though Boyd had used the same tote bag since the start of his employment around February 2021.

69. After his "Get to Know You Board," on January 3, 2024, Boyd learned from Krieger that his background investigation looked good, which Sgt. John corroborated during his discussion with Sgt. Doe by stating Boyd's superior background led to a delay in finding a reason justify terminating his candidacy for the Police Officer position.

70. Sgt. John also shared unlawful and discriminatory reasons for Boyd's non-selection, such as Boyd being "too flamboyant" and the NLV Police Department not being "that progressive".

71. These circumstances create an inference of discriminatory animus based on Boyd's sexual orientation.

72. These circumstances also discredit the NLV Police Department's proffered reason for not selecting Boyd and reveal that proffered reason as pretextual for discriminatory animus based on sexual orientation.

73. As such, the NLV Police Department's actions and inactions violated Title VII and NRS.

74. Due to the discriminatory non-selection, Boyd suffered emotional and mental distress, embarrassment, and other pain and suffering, for which he seeks compensatory damages.

75. Boyd also seeks relief in the form of placement into a Police Officer position with the same salary and benefits he would have received had he been selected for the position in January 2024; any and all wages he would have earned had he originally been selected for the Police Officer position, such as salary increases, overtime opportunities, and other pay and benefits, as well as any pre-judgment interest incurred.

76. Finally, Boyd seeks injunctive relief in the form of anti-discrimination measures to ensure that the NLV Police Department's unlawful employment practices are identified and eliminated, as

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

well as anti-discrimination training for all employees and agents, and all other equitable relief to which he is entitled.

77. Boyd also seeks any other relief, whether past or future, for which he would be entitled under Title VII and NRS § 613.330, including but not limited to any monetary, economic, and equitable relief.

78. Boyd is also entitled to recover his attorneys' fees and costs.

**COUNT II – INTENTIONAL DISCRIMINATION (NON-SELECTION) BASED ON SEX (GENDER STEREOTYPING) IN VIOLATION OF § 2000e-2(a) OF TITLE VII AND NRS § 613.330(1).**

79. Boyd re-alleges and incorporates the allegations set forth in the preceding paragraphs as though each and every allegation is fully set forth herein.

80. Courts have interpreted NRS § 613.330 as consistent with the standards and framework of Title VII. *See Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005).

81. At all times material to this Complaint, Boyd was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f) and NRS § 613.330.

82. At all times material to this Complaint, the NLV Police Department was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), (g)-(h), and NRS § 613.310(2), (6).

83. At all times material to this Complaint, Boyd was part of a protected class within the meaning of § 2000e(a) and NRS § 613.330, as he is a gay male. *See generally Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020).

84. Additionally, Boyd was also protected under Title VII and NRS from discriminatory employment practices based on any perceived failure by Boyd to align with preconceived gender stereotypes socially applied to the male gender.

85. On January 13, 2024, Boyd learned that NLV Police Department had not selected him for the vacant Police Department position.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

86. The NLV Police Department's decision to not select Boyd for the vacant Police Officer position constituted an adverse employment action within the meaning of Title VII and NRS.

87. The NLV Police Department's proffered reason for not selecting Boyd – information uncovered during Boyd's background investigation – is not sufficiently clear or specific to meet its burden to present a legitimate nondiscriminatory reason for the non-selection.

88. The NLV Police Department has not provided any other reason for not selecting Boyd.

89. Furthermore, the circumstances surrounding the NLV Police Department's proffered reason for not selecting Boyd are suspect and questionable.

90. Despite working with the NLV Police Department since around February 2021, rumors suggesting that Boyd was "becoming a transgender" only began circulating around December 2023 – after Boyd had applied for the Police Officer position and progressed through the employment process.

91. Furthermore, according to Sgt. Doe, The Lieutenant started the rumors about Boyd based partly on observing Boyd's use of a Louis Vuitton tote bag, even though Boyd had used the same tote bag since the start of his employment around February 2021.

92. The Lieutenant also made assumptions about Boyd's sex and gender identity based on Boyd's failure to correct The Lieutenant's reference to Boyd as "Ma'am".

93. After his "Get to Know You Board," on January 3, 2024, which Krieger described as a new step in the hiring process, Boyd learned from Krieger that his background investigation looked good, which Sgt. John corroborated by stating Boyd's superior background led to a delay in finding a reason justify terminating his candidacy for the Police Officer position.

94. Sgt. John also shared unlawful and discriminatory reasons for Boyd's non-selection, such as Boyd being "too flamboyant" and the NLV Police Department not being "that progressive".

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

95. Based on the totality of circumstances, the NLV Police Department's proffered reason for not selecting Boyd was pretext for discriminatory animus based on sex due to Boyd's failure to meet preconceived gender stereotypes expected of cisgender male individuals hired as police officers, *i.e.*, male police officers have and present masculine qualities, characteristics, and mannerisms.

96. As such, the NLV Police Department's actions and inactions violated Title VII and NRS.

97. Due to the discriminatory non-selection, Boyd suffered emotional and mental distress, embarrassment, and other pain and suffering, for which he seeks compensatory damages.

98. Boyd also seeks relief in the form of placement into a Police Officer position with the same salary and benefits he would have received had he been selected for the position in January 2024; any and all wages he would have earned had he originally been selected for the Police Officer position, such as salary increases, overtime opportunities, and other pay and benefits, as well as any pre-judgment interest incurred.

99. Finally, Boyd seeks injunctive relief in the form of anti-discrimination measures to ensure that the NLV Police Department's unlawful employment practices are identified and eliminated, as well as anti-discrimination training for all employees and agents, and all other equitable relief to which he is entitled.

100. Boyd also seeks any other relief, whether past or future, for which he would be entitled under Title VII and NRS § 613.330, including but not limited to any monetary, economic, and equitable relief.

101. Boyd is also entitled to recover his attorneys' fees and costs.

**COUNT III – INTENTIONAL DISCRIMINATION (NON-SELECTION) BASED ON PERCEIVED GENDER IDENTITY IN VIOLATION OF § 2000e-2(a) OF TITLE VII AND NRS § 613.330(1)**

102. Boyd re-alleges and incorporates the allegations set forth in the preceding paragraphs as though each and every allegation is fully set forth herein.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

103. Courts have interpreted NRS § 613.330 consistent with the standards and framework of Title VII. *See Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005).

104. At all times material to this Complaint, Boyd was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f) and NRS § 613.330.

105. At all times material to this Complaint, the NLV Police Department was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), (g)-(h), and NRS § 613.310(2), (6).

106. At all times material to this Complaint, Boyd was part of a protected class within the meaning of § 2000e(a) and NRS § 613.330, as he is a gay male. *See generally Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020).

107. In the Ninth Circuit, adverse employment actions based on a perceived gender identity are viable under Title VII and, therefore, can result in liability on the part of employers. *See Grabowski v. Ariz. Bd. of Regents*, 69 F.4th 1110, 1116–18 (9th Cir 2023); NRS § 613.330 (identifying gender identity and expression as a protected bases).

108. On January 13, 2024, Boyd learned that NLV Police Department had not selected him for the vacant Police Department position.

109. The NLV Police Department's decision to not select Boyd for the vacant Police Officer position constituted an adverse employment action within the meaning of Title VII and NRS.

110. The NLV Police Department's proffered reason for not selecting Boyd – information uncovered during Boyd's background investigation – is not sufficiently clear or specific to meet its burden to present a legitimate nondiscriminatory reason for the non-selection.

111. The NLV Police Department has not provided any other reason for not selecting Boyd.

112. Furthermore, the circumstances surrounding the NLV Police Department's proffered reason for not selecting Boyd are suspect and questionable.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

113. Despite working with the NLV Police Department since around February 2021, rumors suggesting that Boyd was "becoming a transgender" only began circulating around December 2023 – after Boyd had applied for the Police Officer position and progressed through the employment process.

114. Furthermore, according to Sgt. Doe, The Lieutenant started the rumors about Boyd based partly on observing Boyd's use of a Louis Vuitton tote bag, even though Boyd had used the same tote bag since the start of his employment around February 2021.

115. The Lieutenant also made assumptions about Boyd's sex and gender identity based on Boyd's failure to correct The Lieutenant's reference to Boyd as "Ma'am".

116. After his "Get to Know You Board," on January 3, 2024, which Krieger described as a new step in the hiring process, Boyd learned from Krieger that his background investigation looked good, which Sgt. John corroborated by stating Boyd's superior background led to a delay in finding a reason justify terminating his candidacy for the Police Officer position.

117. Sgt. John also shared unlawful and discriminatory reasons for Boyd's non-selection, such as Boyd being "too flamboyant" and the NLV Police Department not being "that progressive".

118. When considering the totality of circumstances, employees of the NLV Police Department perceived Boyd as identifying as "a transgender" woman based on his non-response to being called, "Ma'am", his first name, Tracy, resembling a "female" name, and his use of a tote bag, his being "too flamboyant," among other things, and NLV Police Department employees involved with or who could otherwise influence the hiring process for the Police Officer position based the decision to not select Boyd on this misperception about Boyd's gender identity.

119. In other words, the NLV Police Department's proffered reason for not selecting Boyd was pretext for discriminatory animus based on the misperception about Boyd's gender identity,

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

which is a protected class under Title VII and NRS. *See generally Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020); NRS § 613.330.

120. As such, the NLV Police Department's actions and inactions violated Title VII and NRS.

121. Due to the discriminatory non-selection, Boyd suffered emotional and mental distress, embarrassment, and other pain and suffering, for which he seeks compensatory damages.

122. Boyd also seeks relief in the form of placement into a Police Officer position with the same salary and benefits he would have received had he been selected for the position in January 2024; any and all wages he would have earned had he originally been selected for the Police Officer position, such as salary increases, overtime opportunities, and other pay and benefits, as well as any pre-judgment interest incurred.

123. Finally, Boyd seeks injunctive relief in the form of anti-discrimination measures to ensure that the NLV Police Department's unlawful employment practices are identified and eliminated, as well as anti-discrimination training for all employees and agents, and all other equitable relief to which he is entitled.

124. Boyd also seeks any other relief, whether past or future, for which he would be entitled under Title VII and NRS § 613.330, including but not limited to any monetary, economic, and equitable relief.

125. Boyd is also entitled to recover his attorneys' fees and costs.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE,** Plaintiff expressly reserves the right to amend his Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands all applicable relief including, but not limited to:

A. All applicable relief provided for by the Civil Rights Act of 1964, as amended, and the Nevada Revised Statutes, § 613.310, *et seq.*, and Nevada common law including but not limited to the following:

1. Money damages in excess of $15,000.00;
2. Declaratory and injunctive relief, including but not limited to, implementation of anti-discrimination measures to ensure that NLV Police Department's unlawful employment practices are identified and eliminated;
3. Economic damages including, but not limited to, lost wages, back wages, and benefits of employment, incidental and consequential damages;
4. Equitable, extraordinary and/or injunctive relief;
5. General damages including emotional distress and general economic harm;
6. Liquidated damages, as available;
7. Nominal damages;
8. Punitive and/or Exemplary damages to deter Defendants from future malicious, fraudulent, and oppressive conduct of a similar nature;
9. Pre-judgment and post-judgment interest on the amounts awarded at the prevailing legal rate;
10. For an additional amount to account for any increased taxes Plaintiff may be called upon to pay in relation to any award made herein;
11. Reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to federal and state statute, agreement, or court rule;

B. A trial by jury on all issues that may be tried to a jury; and/or

///

///

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

C. For such other and further relief as the Court may deem just and proper.

Dated this 30th day of June, 2025.

/s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130

Attorneys for Plaintiff
*TRACY BOYD, JR.*

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983